[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12994
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 10, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00230-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WANDA BATTLE,
a.k.a. Wanda Polite,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 10, 2008)

Before TJOFLAT, ANDERSON and PRYOR, Circuit Judges.

PER CURIAM:

On May 12, 2008, the district court sentenced appellant on a plea of guilty to a prison term of 40 months for loan application fraud, in violation of 18 U.S.C. §§ 1014.[1]  The sentence was in the middle of the Guidelines sentence range of 37 to 46 months.  Appellant now appeals her sentence, arguing that the district court committed procedural error in arriving at the sentence range and that the sentence is substantively unreasonable.

## I.

Procedural error may occur if the district court failed to calculate, or improperly calculated, the Guidelines sentence range, treated the Guidelines as mandatory, or failed to consider the § 3553(a) factors.  Gall v. United States, 552 U.S. ___, 128 S.Ct. 586, 597, ___ L.Ed.2d ___ (2007).  Appellant contends, here, that the district court failed to consider the § 3553(a) factors and therefore failed properly to determine the appropriate Guidelines sentence range.  Appellant did not present her procedural error argument to the district court; rather, she raises it for the first time on appeal.  We therefore consider it under the plain error

---

[1] Appellant pled guilty pursuant to a plea agreement to Count One of a two-count indictment.  (Count Two charged appellant with identity fraud in violation of 18 U.S.C. § 1028(a)(7).)  Using the name Martha Moreno and providing identification in Moreno's name, appellant took out a series of mortgage loans.  The real Martha Moreno complained, and appellant was indicted.

standard. Whether we consider the argument for error or plain error, however, the result is the same; the argument is meritless.

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1)-(7).

Contrary to appellant's position, the court explicitly stated that it had considered the § 3553(a) factors. Moreover, the transcript of the sentencing hearing reveals that the court implicitly considered many of the § 3553(a) factors via its' statements and the opportunity it provided appellant to present mitigating evidence and argument prior to the imposition of sentence. In short, appellant has not shown that her sentence is procedurally unreasonable.

II.

3

Appellant argues that her sentence is substantively unreasonable because the district court did not properly weigh the § 3553(a) factors. She contends that the court should have factored into its analysis the following facts: she committed the crime under economic duress and hardship; she immediately and voluntarily admitted her guilt; and several witnesses testified as to her character. Finally, she says that her sentence, although within the Guidelines sentence range, was greater than necessary to reflect the seriousness of the offense.

We consider whether a sentence is substantively unreasonable under the abuse-of-discretion standard. Gall, 552 U.S. ____, 128 S.Ct. 586, 597. Such consideration involves inquiring whether the factors in § 3553(a) support the sentence in question. Id., 552 U.S. at ___, 128 S.Ct. at 600. Appellant's burden is to establish that the sentence is unreasonable in the light of the § 3553(a) factors and the record as a whole. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). This burden is satisfied by showing that "the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006).

When considering whether a defendant's sentence is substantively unreasonable, we do not assume that a sentence within the Guidelines sentence

range is per se reasonable. Talley, 431 F.3d at 787. Even so, "there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, [this court] ordinarily will expect that choice to be a reasonable one." Id. at 788.

The record of the sentencing hearing demonstrates that the district court properly considered the § 3553(a) factors. The court explicitly stated, "I have also considered the factors set forth in 18 United States Code, Section 5335(a)." The 40-months' sentence was within the Guidelines sentence range as well as within the statutory maximum of 30 years. The court determined that the sentence was warranted after reviewing the presentence report and the arguments presented by the parties. In addition, the court heard appellant's testimony concerning the nature of the offense, defense counsel's remarks regarding appellant's motives, and the testimony of various character witnesses concerning her family circumstances. Therefore, she has not shown that her sentence, one within the Guidelines sentence range, is substantively unreasonable.

**AFFIRMED.**